• GORDON, *Plaintiff in Error*, v. LAFAYETTE COUNTY.

1.  **Collector of Taxes:** AUTHORITY TO INSTITUTE SUITS.   Collectors
    of taxes were not authorized by sections 1 and 2 of the act of March
    20th, 1872, (Acts 1872, p. 72, §§ 1, 2,) to institute suits for taxes
    against railroad companies after the expiration of their terms of
    office, but were only authorized to continue the prosecution of such
    as had been commenced while they were in office.

2.  ———, COMPENSATION OF.   Collectors of taxes are not entitled to
    compensation for ineffectual efforts made by them to collect the
    revenue, their compensation being fixed by law at a certain per cent.
    on collections actually made by them.

*Error to Lafayette Circuit Court.*—HON. WILLIAM T. WOOD,
Judge.

AFFIRMED.

Wallace & Chiles for plaintiff in error.

William Young for defendant in error.

HENRY, J.—Appellant was collector of Lafayette county
from February 1st, 1873, to February 1st, 1877, and while
collector, in August, 1875, levied on certain property of
the Atlantic & Pacific Railroad Company, for taxes owing
by that company, for the years 1873, 1874 and 1875.   The
company replevied the property and sued Gordon for dam-
ages.   In April, 1876, the county employed counsel, at
Gordon's solicitation, to defend him against the suit of the
company, and to institute any suit or proceeding necessary
to collect the delinquent taxes.   In January, 1877, the
county intervened in its own name, in a cause pending in
the circuit court of the United States for the eastern dis-
trict of Missouri, in which George E. Ketchum and others
were plaintiffs and the Pacific Railroad Company was de-
fendant, and obtained a decree for said delinquent taxes.
Gordon was not a party to that proceeding.   Before that
decree was made, and before the county intervened in said

cause, the suits of the railroad company against Gordon were compromised and dismissed at plaintiff Gordon's costs, which was paid by the county, and the railroad property levied upon was retained by the company, and all claims for damages released by the company, and the county and Gordon. On the 1st day of February, 1877, Gordon's term of office expired, and in March, 1877, the decree obtained by the county for said taxes, in the United States circuit court for the eastern district of Missouri, was set aside on the ground that said court had no jurisdiction to make it; and the taxes were subsequently collected by the county under a decree rendered in a proceeding in the United States circuit court for the western district of Missouri, in bankruptcy, to which Gordon neither was a party nor could have been a proper party.

Sections 1 and 2, page 72, Session Acts 1872, in force during Gordon's term of office provided: Section 1. "All 1. COLLECTOR OF collectors of the revenue of the several coun-
TAXES: authority
to institute suits. ties of this State, who are now, or shall hereafter, become parties, either plaintiff or defendant to any suit or proceeding in law, arising or growing out of the assessing or collecting taxes on railroads, as now provided by 'An act to provide for a uniform system of assessing and collecting taxes on railroads,' approved March 10th, 1871, shall have the same power and authority to prosecute or defend in all said suits or proceedings in law as parties thereto, to a final determination, after the expiration of the term of office of said collectors as the said collectors now have by law." Section 2 provides that "said collectors, on the final determination of said suits or proceedings at law, shall be entitled to the same per cent for their services as is now provided by law for like services by collectors whose term of office has not expired." These sections gave the collector no authority to institute suits for taxes against railroad companies after the expiration of his term of office, but only to continue to prosecute such as had been commenced while he was in office.

This suit is for the recovery by Gordon of commissions on the amount of taxes of 1873, 1874 and 1875, collected by the county as aforesaid.  Gordon did not collect the taxes or any portion of the amount.

.2. - — , compensation of.

The intervention in the suit of Ketchum and others against the railroad company, was by the county, not by Gordon as collector, and even if he had been the party, and only party intervening, the taxes were not collected or received under the decree made by that court.  That decree was vacated for want of jurisdiction to make it, and after Gordon ceased to be collector another proceeding was commenced by the county in the United States circuit court for the western district of Missouri, to which Gordon was not a party and could not have been a proper party, under which said taxes were collected.  It was not a continuation of the proceeding commenced in the United States circuit court for the eastern district.  The compensation of the collector is fixed by law at a certain per cent on moneys collected by him.  None is allowed for ineffectual efforts to collect the revenue.  Not a cent of the money on which he claimed commission in this case, was collected by him, or under any proceeding or suit commenced by him.  If there is any law for paying him, as was done by the county court, expenses for guarding or taking care of property levied upon by him for taxes, it has escaped our attention.  That he levied upon property of the railroad company gives him no right to compensation.  That arises only on collections actually made by him.  Nor does it give any strength to his case in a legal point of view, that the replevin and damage suits of the railroad company against him, were compromised by him with the consent, or by the advice of the county court.  This by no means rendered the county liable to him for commissions on the taxes collected by the county after the termination of his office, and under proceedings commenced after his term of office had expired.  The judgment of the circuit court, which was for defendant, is affirmed.  All concur.